19-2916 from the District of North Dakota Kathy Swedberg v. Andrew Saul. Mr. Schneider, we'll hear from you first. Good afternoon, Your Honors Counsel and may it please the Court. The burden of proof is on the Commissioner to establish that my client has transferable skills that allow her to perform other work in the national economy. That burden was not met in this case due to the ALJ's reliance on vocational testimony that can be fairly described as both fatally flawed legally and factually. Ms. Swedberg's past relevant work in this case is as a semi-skilled Army Reserve technician. The Commissioner's own ruling, in this case SSR 8241, which really controls this case, that ruling indicates that the content of work activities in some semi-skilled jobs may be little more than unskilled and as a result of that close attention must be paid, must be paid to the actual complexities of the job in dealing with data, people, or objects and to the judgments required to do the work when determining the issue of transferability of skills. In this case, Your Honors, by the vocational experts own admission, the Commissioner did not provide him with any specific information about the procedures Ms. Swedberg was required to follow or administer in her past relevant work. None of that was provided to the vocational expert before he provided testimony. It's plain based on this admission alone, Your Honors, that close attention was not paid to the actual complexities of Ms. Swedberg's composite job as an Army Reserve technician when dealing with data, people, objects, or the judgments involved in those duties in her past relevant work. That violates SSR 8241, which is as binding as any regulation on the Commissioner. But what was more, the vocational expert was also questioned one by one regarding the skills that he identified and that's at the transcript on page 65 of the administrative record. Turning to those skills, Your Honor, general record-keeping was identified by the vocational expert as a skill. The notion that my client had general record-keeping skills, especially the notion that this required computer use, the VE testified that this supposed skill possibly involves keying that information into a computer. Possibly. Quote, just depends on the system and procedure, close quote, is what the vocational expert said. Again, the VE admitted that he did not have any information on the procedures that Ms. Swedberg was required to follow or administer in her past relevant work. In that regard, counsel, why would it be improper for the vocational expert to rely on Swedberg's own description of past work? I respect you, Your Honor, because the description that Ms. Swedberg set forth in her check-the-box forms and pre-printed forms that she submitted to the Social Security Administration was 14 words long. I'll read it here because it's so short. I had administrative duties, contracting, reserve center, unloaded freight, security, mail duties, and payroll. There is no consideration of the actual complexities of Ms. Swedberg's work. That was not set forth by her, and why would she set those forth? It's not her burden to disprove that she has transferable skills. It is the Commissioner's burden to prove that she has skills, and that can't be done given the flawed vocational testimony that's given by the Commissioner in this case. What relief do you want? Are you saying she can hide the ball and not develop what she did for 28 years with the Army, or you want some proceeding in which she would be questioned in more detail about her work and then a new finding on whether she had transferable skills? What exactly do you think is the relief that you should be seeking? The ultimate relief in this case is to find my client disabled as of October 19th of 2013, her amended alleged onset date. The Commissioner has already found that she has a residual functional capacity that limits her to a restricted range of sedentary work, that she's therefore incapable of performing her past relevant work, not able certainly to perform other medium level work, and the Commissioner respectfully is not entitled to a second bite at the apple to prove that my client has transferable skills. Certainly my client was willing and able to expound upon her duties to talk about the actual complexities, and were she given that opportunity, the record would show that her duties were not that complex at all, but that opportunity was not taken by the Commissioner and it would be inappropriate for the Commissioner to assert transferability of skills on such really unbelievable vocational testimony. Additionally, the vocational expert in this case said that my client had data entry skills. The VE was very directly asked what from either the record or Ms. Swedberg's testimony made him believe that she had acquired data that she, quote, coordinated meetings, training sessions, inventory, close quote. That's it. In the transcript at page 66 in the administrative record. Imagine Ms. Swedberg's surprise when the vocational expert told her that she coordinated meetings and conducted training sessions, entering data all the while. She never did those things. There is no evidence in the record, this voluminous record, that she ever coordinated a meeting or conducted a training session. What about inventory and payroll? Is it a reasonable inference that someone uses a computer in those capacities? Well, she was asked about, she did testify about inventory. She mentioned that in the context of office supplies during direct examination with the ALJ, and she further mentioned inventory at page 280 of the administrative record, where she talks about inventorying duffel bags. I'm not sure what kind of computer use would be required there. And with regard to inference, respectfully, the standard is substantial evidence. The regulations and the rules do not allow the commissioner to draw a conclusion or to guess or to set forth a hunch or infer that my client had transferable skills. Rather, the commissioner has to consider the actual complexities of my client's past relevant work before making a finding about transferability of skills, and that was not done in this case. What about, what would you say about, we have two cases that involve somewhat skeletal descriptions. One Spines versus Apfel, excuse me, a 1998 case involving a truck driver, and then we have Davis versus Shalala, a 1994 case. Both of those involve skeletal descriptions, and the that's fine, that's good enough. How would you distinguish this case from those cases? I think it's both factually and legally distinguishable, Your Honor. Legally, this court has recognized recently in the Sloan versus Saul case the notion of a composite job, and in that case, this court recognized that a composite job has significant elements of two or more occupations that has no counterpart in the Dictionary of Occupational Titles. SSR 8241 also recognizes that, indicates a particular job may or may not be identifiable in authoritative reference materials. With regard to the truck driving case, and SSR 8241 recognizes this as well, a truck driver is a truck driver is a truck driver. That's not going to take much consideration of the actual complexities of that job because there is a corresponding title in the Dictionary of Occupational Titles. In this case, as the ALJ correctly concluded, an Army Reserve technician is a composite job. Half of that job is identified by the vocational expert is as a combat rifle crew member. This is exactly a nine-to-five at a desk, and so with regard to that, this is leaps and bounds different than driving a truck over the road in a commercial context. With regard to the Davis case... Really quickly, didn't she admit, though, that she, at least at some point, and I can't remember the exact terminology she used, administrative assistant or did administrative duties? Wasn't that sort of admission in the record somewhere? You are correct, Your Honor. In the 14-word job description that she sets forth at page 280 of the administrative record, she mentioned she had administrative duties. You know, there's no evidence that those administrative duties involved entering data, that they involved substantial knowledge of use of a computer. There's no understanding of what simple office equipment was used, and to return to Your Honor's question about the Davis versus Shalala case, that factually is distinguishable from this case here in Davis. There were findings based on from claimant testimony that there were transferable public relations and record maintenance skills based on an individual who was an apartment manager, showed apartments to prospective tenants, checked references, conducted lease signings, kept copies of leases in an index and file card of tenants' names and phone numbers, collected deposits, furnished receipts. There is nothing resembling that kind of exploration of the actual complexities of my client's past relevant work in this case, and therefore nothing to base the Commissioner's findings regarding transferability skills on. Another concerning issue in this case is that the vocational expert did not apply that definition, but skill as it is defined in 8241, it is worth considering. It is a quote, knowledge of a work activity which requires the exercise of significant judgment, close quote. That includes things like making precise measurements, reading blueprints, setting up and operating complex machinery, not the simple office equipment that the vocational expert identified after applying his somewhat homespun definition of skill. The ALJ's reliance on vocational expert testimony that is based on the VE's own definition of skill rather than the skill set forth in SSR 8241, that gives rise to an error that's much like building on a foundation of sand. Data entry might always be a skill under the lay definition that was applied by the vocational expert in this case, but there's no evidence that my client performed any data entry, much less data entry in a way that requires significant judgment. Record-keeping might be a skill in the mind of the VE, but there is no in a way that is comparable to reading blueprints or making precise measurements. Simple office equipment, again, that by definition is simple, the vocational expert. What about the part of the SSR 8241 that refers to semi-skilled general office clerk? Wouldn't that be closer than blueprints and the other things that you're raising? I don't think that's on all fours with this case, your client was a general office clerk. I know the commissioner has described my client's past relevant work as administrative clerk, but that is simply not the case. As the ALJ's words, right? Administrative duties, administrative clerk. I thought you said that earlier. There were certainly some administrative duties. What exactly those duties were beyond the 14-word description that my client set forth is really unknowable, but the vocational expert in setting forth my client's past relevant work summary identified components of combat rifle crew member and also administrative clerk. That doesn't mean my client was an administrative clerk, it means there are some of those duties that were incorporated into this composite job. And that's what required further exploration by the commissioner in this case. And my client would have been happy to answer any questions about her past relevant work and go into those actual complexities, but the ALJ and the VE did not take the time to clarify and it's worth emphasizing that that burden is on the commissioner to establish that the actual complexities of my client's past relevant work gave rise to transferable skills. I found in the pre-hearing statement, I asked you earlier about the administrative clerk administrative duties. I think I'm pointing it here, the claimant's testimony in her hearing is expected to confirm that she performed the administrative clerk job at a level of exertion that is at least commensurate with the demands set forth in the Dictionary of Occupational Titles. Doesn't that kind of give the, I mean, doesn't it get to Judge Carlton's questions? I mean, she basically admitted that she at least fell into the administrative clerk domain. I think there probably could have been some clarification there that that reference in the pre-hearing statement was to the administrative clerk component of the composite job of an Army Reserve technician, but certainly there's no dispute, I think either by the claimant or the commissioner in this case, that the ALJ properly identified my client's past relevant work as a composite job, not as an administrative clerk, but rather as an Army Reserve technician. I would be happy to answer any further questions that your honors have, otherwise I would reserve those 37 seconds in rebuttal. You may. Thank you for your argument. Ms. Birkland, we'll hear from you. Thank you. Good afternoon, your honors. May it please the court and Mr. Schneider. My name is Melissa Birkland and I represent the Social Security Commissioner Andrew Saul in this matter. The commissioner respectfully requests that this court affirm the ALJ's decision because it is supported by substantial evidence on the record as a whole. I will address two aspects of Ms. Birkland's decision. First, the record supports a finding that Swedberg acquired skills in her 26 years of work as an administrative clerk and combat rifle crew member, and these skills transferred to other jobs. Second, the ALJ properly quoted and analyzed Social Security Rule 8241 in making her determination that Swedberg acquired the skills to use simple office equipment, perform data entry, and general record-keeping. As to the first point, it's helpful to review the record evidence before the ALJ that she relied upon in her order and that supports her position that Swedberg acquired transferable skills. First, Swedberg held a composite job of an administrative clerk and combat rifle crew member for 26 years, but she testified that during the final years of this job, she was performing more administrative clerk duties. In her pre-hearing statement, Swedberg stated that she performed the administrative clerk job at a level of exertion that is at least commensurate with the demand set forth in the Dictionary of Occupational Titles. These titles would include work such as copying data and compiling records and reports, preparing stock inventory, handling mail, operating office machines, and payroll. A medical consultant's report also described Swedberg's work as inventory, personnel records, logistics, contract retention, and that she helped write specifications and guidelines for facility management. At the hearing, Swedberg testified, and again this was more prominent in the final years of her job, that she did mail and worked with inventories and office supplies. Based upon this information, the vocational expert reasonably testified that these job duties indicated the use of simple office equipment, data entry, and record-keeping, and this circuit has held that an ALJ may rely on a vocational expert testimony to find that a claimant has transferable skills. Council, in that regard, can they rely on the testimony of a vocational expert that uses an incorrect definition of skill? Your Honor, I don't believe that the vocational expert in this instance used an incorrect definition of skill. However, if if the court reviews the testimony and finds that that definition was improper, I believe that the ALJ remedied that in her decision in order because she was quoting on she was quoting from 8241, which I think Council and I both agree is is binding and should be followed to this court. But to that point, Swedberg argues that the ALJ should have paid close attention to the actual complexities of this job, but I would respectfully submit that a closer review of 8241 does not support this. 8241 does not appear to require a review of the actual complexities of Ms. Wedberg's job because it contemplates a different standard for an administrative clerk job, and I'd point your honors directly to the end of Section D. This specifically states that an individual with semi-skilled administrative clerk jobs is ordinarily proficient in duties commonly associated with other administrative clerk positions. The rule that Ms. Wedberg insists that this court and the ALJ follow instructs that the administrative clerk role would encompass many skills that would transfer to other positions. It does not suggest a dive into the actual complexities of the work because a fair read suggests that this would only be required in a semi-skilled job such as a sewing machine operator or some other type of nurse aide or technician where those skills that you would learn would not easily transfer to other  serve as an administrative clerk in any of these positions. But when we're looking at an administrative clerk position, and I think it's it's important because the rule quotes, on the other hand, doing general office work generally makes one equally proficient in skills that are readily transferable to other jobs. Here the record evidence showed that Ms. Wedberg held this job for 26 years. The ALJ had before her descriptions of the work that Swedberg did in this job and the knowledge that this job was more predominantly administrative in her final years. Swedberg complains that there's no evidence that she performs specific tasks, but this court's holding in Tucker v. Barnhart does not require such a finding. And this is also in line with what 8241 suggests when the court's looking at an administrative clerk position. It acknowledges that semi-skilled office positions inherently carry with them proficiency in certain office related skills. And I think the ALJ appropriately found that this would include the use of simple office equipment, data entry, and record-keeping. There was also information before the court that Ms. Swedberg did payroll. And when we think about the fact that she was in a government office performing payroll, this absolutely would require at least using a printer, possibly a computer, and entering some type of data and knowing how an interface of a system works. It would be impossible to do any of that in a government position in circa 2010 without at least the ability to use simple office equipment. Your Honors, the brief description that Ms. Swedberg provided, which was combined with the vocational experts' professional experience and reliance on the Dictionary of Occupational Titles, which readily acknowledged that there was many overlapping skills that Ms. Swedberg testified to that are also within the Dictionary of Occupational Titles, combined with the fact that 8241 itself acknowledges that semi-skilled office positions are going to be readily transferable to other office positions regardless of the industry, supports a finding that Ms. Swedberg had acquired skills and that these skills transferred to other jobs. Second, the second argument that I'd like to point out is that the ALJ properly defined skills and properly found that she had acquired data entry, general record-keeping, and the use of office equipment. And again, I'd like to point your Honors to the actual language of 8241. Swedberg has used 8241, but I think it's more important and more relevant that we tie that to the actual job that she admitted she had in a pre-hearing statement, which was administrative clerk. And 8241, at the point where it's talking about administrative work, it discusses typing, filing, tabulating and posting data, preparing invoices, and operating and adding calculating machines, and then clarifying that these clerical skills are readily transferable to such semi-skilled sedentary occupations like a typist and a clerk typist and a control clerk. I think I'm urging the court to rely on how 8241 looks at and defines administrative clerk because on a review of the record on a whole, there's more than substantial evidence that supports that Ms. Swedberg not only held a job that encompassed a lot of these skills, and then when we're looking at a timeline, we look at what are the tasks that are semi-skilled that she did that would take at least 30 days, but no more than six months to learn. On her own testimony, she was doing this job more than a year, so we have to assume that for the last several years in this role, this is really what she was doing. She was holding on more to the administrative clerk role, and I think it's significant that her pre-hearing statement suggests that that's precisely what she was doing. The ALJ properly applied this rule. It properly noted that there was universal applicability in these skills that Ms. Swedberg had acquired in her role here, and this court's holding and precedent teach that if we have a description of the work and it's supplemented by a vocational expert's testimony, that is enough to sustain the ALJ's decision, and it should be affirmed. We're not looking at whether or not one might have come to a different decision. We're looking at whether or not it was reasonable on the record as a whole to find as the ALJ did, and I urge the court to look directly to all of the statements that Ms. Swedberg made going into the hearing, statements of the medical consultant. I think the Dictionary of Occupational Titles is very informative and can assist in a reasonable evidence to secure this position, and I think all of these combined meet the substantial evidence standard, which, as the Supreme Court has somewhat recently articulated, is not a high burden, and that's appropriate when we're looking in the context of administrative findings. We uphold them if there was reasonable evidence on the record as a whole, and so in conclusion, the Commissioner respectfully requests that this court affirm the ALJ's order that Ms. Swedberg was not disabled consistent with the Social Security Act and applicable regulations, and if your honors have no further questions, I will rest. Very well. Thank you for your argument. Mr. Schneider, you had a few seconds left. We'll hear from you in brief rebuttal. Well, thank you. Counsel's arguments are well delivered, but I would say that the Commissioner gets the inquiry backwards. One cannot just assume that my client was a general office clerk when everybody agrees that she had a composite job. What SSR 8241 directs is that a semi-skilled job, some of the duties may be little more than unskilled. The Commissioner was under a duty to ask about the actual complexities of my client's composite job, determine which of the resembled the administrative clerk versus the combat rifle crew member, so that that is the reverse of what should be done is what the Commissioner is advocating for, but I see my time is up and I appreciate your honors consideration. What do you rely on for your statement in your opening argument that the burden was on the Commissioner? At step five, the burden shifts to the Commissioner to establish that a claimant can perform other jobs in the national economy, and in this case obviously it's proving that other work exists considering the so-called transferable skills that have been identified here, but that's been set forth in several cases of this court. One that I have on my fingertips is Eichelberger versus Barnhart, 390 F3, 584, 591 from 2004, noting that the burden shifts to the Commissioner to show that there's other work the claimant can do given the claimant's RFC, age, education, and work experience. Yeah, I understand. So you're saying this inquiry about transferability came up only at step five? That is correct, your honor. Yes. All right. Thank you for your argument. Thank you to both counsel. The case is submitted and the court...